IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MARLON EARL JARVIS,**
   **Petitioner,**

v.                       Civil No. 2:05cv97

**VANESSA P. ADAMS,**
   **Respondent.**

## ORDER

This matter is before the Court on Motion of pro se Petitioner Marlon Earl Jarvis ("Petitioner") under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. Doc. 1.

Petitioner pled guilty to Count 2, possession with intent to distribute five (5) grams of more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and Count 4, possession of a firearm by a convicted felon in violation of 18 U.S.C. § 992(g)(1). Civil Doc. 1 at 2; Crim. Doc. 26. On January 9, 2001, the Court sentenced Petitioner to one hundred thirty-seven (137) months of imprisonment and four (4) years of supervised release on Count 2, and one hundred twenty months (120) imprisonment with three (3) years supervised release on Count 4, to run concurrently with Court 2. Crim. Doc. 30. The Petitioner waived the right to appeal his conviction and sentence in his plea agreement and, in fact, did not appeal. See Crim. Doc. 26.

On June 13, 2005, Petitioner filed a Motion for Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, for substantial assistance given to the Government. Crim. Doc. 31. Petitioner filed a Memorandum of Support for this Motion on November 25, 2005. Crim. Doc. 33. The Assistant United States Attorney ("AUSA") subsequently filed the Government's own Motion for Reduction of Sentence Based Upon

Substantial Assistance on November 29, 2005.  Crim. Doc. 32.  Following hearing, Petitioner's sentence on Counts 2 and 4 was reduced to sixty-six (66) months of imprisonment, to be served concurrently.  Crim. Doc. 34.  The terms and conditions of his supervised release remained the same.  Crim. Doc. 34.

Petitioner was released from prison on December 22, 2005, and he began to serve four (4) years of supervised release on that date.  Notice of Release and Arrival; Crim. Doc. 30.  Because Petitioner is no longer incarcerated, and therefore no longer in custody as required by 28 U.S.C. § 2241(c), the Court **FINDS** that Petitioner's Motion is **MOOT**.[1]  Accordingly, his Motion is **DISMISSED**.

Petitioner is **ADVISED** that he may appeal this Order by forwarding a written notice of appeal to the Clerk, United States District Court, United States Courthouse, P.O. Box 494, 101 25th Street, Room 201, Newport News, Virginia 23607.  Said written notice must be received by

---

[1]Petitioner filed his Motion under § 2241; however, his claims are of the type more commonly addressed in a § 2255 petition attacking the sentence imposed.  See 28 U.S.C. § 2255.  Petitioner makes two claims: (1) that his counsel was constitutionally ineffective, and (2) that his sentence was unconstitutional under the United States Supreme Court's decisions in Booker and Blakely.  Doc. 1.  Because section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice," Petitioner's Motion could be construed as a § 2255 petition.  United States v. Addonizio, 422 U.S. 178, 185 (1979); see United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992) (claims of ineffective assistance of counsel are best raised in a § 2255, unless the record on appeal conclusively shows ineffective assistance).

Even if this Court were to construe Petitioner's Motion as a petition under § 2255, his claim would still be moot.  Section 2255 offers relief only to "[a] prisoner in custody."  28 U.S.C. § 2255 ¶ 1; see 9 A.L.R.3d 462 § 3 ("Since a motion to vacate a sentence under 28 U.S.C.A. § 2255 can be maintained only to attack a sentence under which a prisoner is in custody, the case is moot insofar as a § 2255 proceeding is concerned. . . .").  Petitioner is no longer in custody; he is on supervised release.  Doc. 34.  Accordingly, even if the Court construed Petitioner's § 2241 Motion as a § 2255 petition, Petitioner's claim would nevertheless be moot.

the Clerk within sixty (60) days from the date of this Opinion & Order. To proceed in forma pauperis on appeal, Petitioner must submit an application to proceed in forma pauperis to the Clerk, United States Court of Appeals for the Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner and to all Counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
October 18, 2006